# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 27, 2010

Charles R. Fulbruge III
Clerk

No. 09-50586
Summary Calendar

PEDRO A. TORRES,

Petitioner-Appellant

v.

FEDERAL SATELLITE LOW LA TUNA, Bragg Travis Chief Executive Officer,
Federal Satellite Low La Tuna,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CV-214

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pedro A. Torres, federal prisoner # 85356-080, moves this court to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his pro se petition for writ of quo warranto challenging the authority of the Federal Bureau of Prisons (BOP), Federal Satellite Low La Tuna (La Tuna), and prison officials to discipline him for possessing and using a cell phone while he was assigned duties at Biggs Army Airfield in El Paso, Texas. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied Torres's request to proceed IFP on appeal certifying that the appeal was not taken in good faith. Torres's IFP motion in this court is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1992).

Torres's argument that the BOP and La Tuna officials lacked authority or jurisdiction to discipline him for alleged BOP violations that occurred on the military base, not in a BOP facility, is not supported by federal regulations or statutes. *See* 28 C.F.R. § 541.10(a); 18 U.S.C. §§ 4042(a)(3), 4125(a), (e). Torres's assertions that the district court joined in some sort of conspiracy with BOP and La Tuna officials to deprive him of his constitutional rights and acted "under passion and prejudice" in denying his petition are unfounded. Although he states that the district court did not address his claims that the disciplinary proceedings and findings violated the Administrative Procedures Act, he makes no argument that such claims were properly included in his quo warranto petition, *see Harris v. Houston*, 151 F.3d 186, 202 n.15 (5th Cir. 1998), or that the district court should have separated out these claims and construed them as some other type of proceeding.

Torres has not shown that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His motion for leave for IFP on appeal is denied. *See Baugh*, 117 F.3d at 202 n.24. The appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.

Our dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Torres is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.